UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Avila, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LifeLock Inc., Todd Davis, Chris G. Power, and Hilary A. Schneider,<br><br>Defendants. | CASE NO. 2:15-cv-01398-SRB<br><br>CLASS ACTION<br><br>Hon. Susan R. Bolton<br><br>**ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES** |

WHEREAS:

A. On July 21, 2020, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses; and (2) Lead Plaintiffs their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), relating to their representation of the Settlement Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and

determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and

B. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated as of March 27, 2020 (the "Stipulation").

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $6,000,000 (which is 30% of the Settlement Fund), and payment of litigation expenses in the amount of $253,024.00, which sums the Court finds to be fair and reasonable.

4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $20 million in cash, which is a favorable result, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, two sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the more than five years the Action was litigated, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

(e) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' Counsel have devoted approximately 8,700 hours, with a reasonable lodestar of over $5.5 million, to achieve the Settlement;

(g) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Ninth Circuit; and

(h) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $350,000 and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class.

6. There was one objection to the application for attorneys' fees, stemming largely from the timing of the objector's receipt of the Notice. However, the objector's broker provided its clients' mailing information to the Claims Administrator later than required by the Preliminary Approval Order, but two weeks before the objection period and thirty-one days before the claims deadline. The objector was provided with the best notice practicable under the circumstances and due and sufficient notice. Further, for the reasons stated above, the requested fee is fair and reasonable and not excessive.

7. In accordance with the PSLRA, the Court also awards Lead Plaintiff Oklahoma Police Pension and Retirement System $1,320 and Lead Plaintiff Oklahoma Firefighters Pension and Retirement System $3,000 for their costs and expenses directly related to their representation of the Settlement Class.

8. Any appeal or challenge affecting this Court's approval of the attorneys' fees, expense application, or award of costs and expenses to Lead Plaintiffs in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated this 27th day of July, 2020.

_____
Susan R. Bolton
United States District Judge